IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL LEE KNOD | § | |
| v. | § | CIVIL ACTION NO. 6:10cv22 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Daniel Knod, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Knod complains of a disciplinary case which he received for possession of contraband, a fish sandwich, for which he was sentenced to 10 hours of extra duty. The Respondent was ordered to answer the petition and did so, arguing that Knod did not show that the punishment imposed implicated a constitutionally protected liberty interest. In his reply, Knod argued that even minor incidents can be used to deny release on mandatory supervision and that he has a liberty interest in "the accurate potential of his potential for rehabilitation." Knod says that he has been served with a notice that inmates may not be released to mandatory supervision if a parole panel determines that the inmate's good conduct time is not an accurate reflection of the inmate's potential for rehabilitation and the inmate's release would endanger the public. Even though this notice simply recites the language of Tex. Gov. Code art. 508.149, Knod says that it indicates that parole officials are trying to forfeit his good time without a hearing; he also says that the statutory provision

1

rendering unreviewable the decision not to release an inmate to mandatory supervision is unconstitutional.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the application for habeas corpus relief be dismissed. The Magistrate Judge, citing Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995) stated that ten hours of extra duty did not implicate any constitutionally protected liberty interests, and that his claim that prison officials may be attempting to alter his future mandatory supervision release date is not ripe. The Magistrate Judge also determined that the Texas state law barring administrative or judicial review of decisions not to release inmates to mandatory supervision has been upheld by the courts and is not unconstitutional.

In his objections, Knod repeatedly asserts that he is eligible for release on mandatory supervision, a point which was acknowledged by the Magistrate Judge. He discusses the requirements of Wolff v. McDonnell, 418 U.S. 539 (1974), but fails to mention Sandin. Knod argues that if TDCJ uses minor incidents or disciplinary cases to gauge the accuracy of inmates' potential for rehabilitation, the inmates should be able to challenge these cases under Wolff. He concedes that ten hours of extra duty "probably does not impose atypical and significant hardship upon an inmate," but says that the forfeiture of hundreds of days of good time credits and the denial of release to mandatory supervision does.

However, Knod has not shown that hundreds of days of good time credits have been forfeited as a result of this case, nor that he has yet been denied release to mandatory supervision. The fact that the Board of Pardons and Paroles can review whether his good conduct time represents an accurate reflection of his potential for rehabilitation does not thereby give him a liberty interest in any and every incident which might possibly be reviewed by the Board. Because Knod has not shown the deprivation of a constitutionally protected liberty interest as a result of the disciplinary case forming the basis of his claims, his objections on this point are without merit.

Knod also asserts that his right to challenge the Board's procedures became ripe when he was served with the notice. However, this notice merely recited Texas law in saying that release on

mandatory supervision could be denied if the Board determined that the accrued good time was not an accurate reflection of the inmate's potential for rehabilitation and the inmate's release could endanger the public. This notice did not render Knod's petition ripe, and his objection on this point is without merit.

On August 13, 2010, Knod sent a document to the Court showing that on August 9, he was in fact denied release on mandatory supervision. This notice states, in pertinent part, as follows:

> You have been denied mandatory supervision release for the reason(s) listed below. One or more components indicated in each paragraph may apply, but only one is required.
>
> 9D1. The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
>
> 9D2. The record indicates that the inmate's release would endanger the public.
>
> 1D. The record indicates that the inmate has repeatedly committed criminal offenses or has a pattern of criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor offenses.

Although this notice shows that Knod has now been denied mandatory supervision, it does not show that the disciplinary case which is the subject of the present petition was connected in any way with that denial. As the Magistrate Judge said, the punishment imposed in that disciplinary case was ten hours of extra duty, which does not infringe upon any constitutionally protected liberty interests, and in any event, that disciplinary case could have had no effect upon the reasons for denial given in the third paragraph of the notice. Knod's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus, which relates to a disciplinary case for possession of contraband, be and hereby is DISMISSED with prejudice; however, this dismissal is without prejudice to Knod's right to seek habeas corpus relief relating to the denial of his release on mandatory supervision, as set out in the notice of August 9, 2010. It is further

ORDERED that the Petitioner Daniel Knod is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of September, 2010.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**